IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Marcellus Raynard Brooks, ) | Civil Action No. 5:18-1669-RMG |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Warden Travis Bragg, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") recommending that Petitioner's Petition be dismissed without prejudice. (Dkt. No. 39). For the reasons set forth below, the Court adopts the R & R as the order of the Court and the Petition is dismissed without prejudice.

I. **Background**

Petitioner Marcellus Raynard Brooks filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that a recent change in substantive law made his armed career offender enhancement unlawful. (Dkt. No. 1). Petitioner is incarcerated at the Federal Correctional Institution in Bennettsville, South Carolina. On October 13, 2009, Petitioner entered a guilty plea to felon in possession of a firearm in the District of South Carolina and was sentenced to 210 months imprisonment. Petitioner filed a notice of appeal on March 1, 2011, and the Fourth Circuit dismissed the appeal on March 28, 2012. Petitioner did not file a Petition under 28 U.S.C. § 2255. (Dkt. No. 1.)

Respondent filed a motion to dismiss, arguing the court lacks jurisdiction, and Petitioner opposes the motion. (Dkt. Nos. 19, 35.) The Magistrate Judge issued a R & R recommending that this court grant Respondent's motion and dismiss the Petition without prejudice. (Dkt. No. 39.)

1

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a de novo determination of those portions of the R & R Petitioner specifically object. Fed. R. Civ. P. 72(b)(2). Where Petitioner fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983)). Petitioner did not file objections, and the R & R is therefore reviewed for clear error.

## III. Discussion

Petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause unless "the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See also Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010). To demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention, the petitioner must establish that:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive

motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

Petitioner here challenges his sentence as unlawful, arguing that the substantive law applicable to his sentence changed in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), which addressed North Carolina law, and was deemed retroactive by *Miller v. United States*, 735 F.3d 141 (4th Cir. 2013). (Dkt. No. 1.) He claims that any § 2255 motion he files would be untimely and therefore a § 2255 motion is inadequate or ineffective. (Dkt. Nos. 1, 25.)

To begin with, Petitioner here has not filed any Petition under § 2255, and therefore cannot demonstrate that this motion is "subsequent to [his] direct appeal and first § 2255 motion." *Wheeler*, 886 F.3d at 429. Further, as the Magistrate Judge correctly concluded, Petitioner cannot show that § 2255 is inadequate to test the legality of his sentence. Instead, "the remedy afforded by § 2255 is not rendered inadequate or ineffective...because an individual is procedurally barred from filing a § 2255 motion...." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). District courts have similarly found that petitioners cannot meet the § 2255(e) savings clause merely because the statute of limitations for a § 2255 motion has lapsed. *See Leach v. Ramirez*, No. CV 2:17-1669-RMG, 2017 WL 6060602, at *1 (D.S.C. Dec. 6, 2017) (finding § 2255 motion is not inadequate where "the statute of limitations for a § 2255 motion has lapsed"); *Witchard v. Antonelli*, No. CV 8:18-1236-HMH-JDA, 2018 WL 2422055, at *2 (D.S.C. May 14, 2018), *report and recommendation adopted*, No. CV 8:18-1236-HMH-JDA, 2018 WL 2417213 (D.S.C. May 29, 2018), *aff'd*, 736 F. App'x 54 (4th Cir. 2018) ("[t]hat a § 2255 action may be unsuccessful, untimely, or successive does not render it an inadequate or ineffective remedy"). Therefore, Petitioner's argument that he meets the savings clause of § 2255(e) is without merit, and Petitioner's § 2241 Petition must be dismissed.

3

## IV. Conclusion

For the foregoing reasons. The R & R of the Magistrate Judge (Dkt. No. 39) is **ADOPTED** as the order of the Court and the Petitioner's Petition (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE**.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met because reasonable jurists would not find it debatable that Petitioner met the requirements of the savings clause as provided in *Wheeler*. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

April 25, 2019
Charleston, South Carolina

4